UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DIRECTORY ASSISTANTS, INC.,          :
      Plaintiff,          :          3:10cv548 (WWE)
                                        :
      v.          :
                                          :
LK JORDAN & ASSOCIATES;          :
MATT OPEL; and JOHN DOE #2,          :
      Defendants.          :

## MEMORANDUM OF DECISION ON MOTION TO DISMISS

In this action, plaintiff Directory Assistants, Inc. ("DAI") alleges that defendants LK Jordan & Associates ("LK Jordan"), Matt Opel and John Doe #2 are liable for tortious interference with contractual relationships and for tortious interference with business expectancies.  Defendant LK Jordan & Associates has filed a motion to dismiss for lack of personal jurisdiction.  For the following reasons, the motion to dismiss will be denied.

## BACKGROUND

Plaintiff's complaint alleges the following factual background, which is augmented by supporting exhibits and the moving papers.

DAI is a Connecticut corporation.  Defendant LK Jordan is a Texas corporation and defendant Opel is a resident of Texas.

DAI is an advertising consulting company that helps businesses advertise more efficiently and economically in the Yellow Pages.  In May 2006, DAI entered into a three-year consulting agreement with defendant LK Jordan ("LK Jordan Contract"). Between September 2007 and April 2009, defendant Opel was an employee of LK

1

Jordan.

In 2008, a dispute arose between DAI and LK Jordan relative to the LK Jordan

Contract.  Opel was involved in the discussions to resolve the dispute.

In January and February 2009, an LK Jordan employee posted statements on

various websites.  These statements made negative comments about LK Jordan and

noted DAI's location in Connecticut.  Several posts included allegedly false and

disparaging statements about DAI.   One post alleged to have been posted by

defendant Opel or another employee of defendant LK Jordan referred to Michael Cody,

DAI's vice president and a Connecticut resident:

> Directory Assistants, Inc. "Michael Cody" "A Yellowpage Consultant Scam
> Artist" They provide no real service at very high cost and court cases.
> Glastonbury Connecticut.

The post then continued to describe DAI as a scam.  Prospective and existing

customers brought this post to DAI's attention.  DAI General Manager Carl Staggers

posted a reply.  He stated his name and position with DAI, his concern that anonymous

postings may be used to compete unfairly and included his email address with the offer

to answer any concerns or problems.

A later anonymous post included the names of Staggers, Cody, DAI President

David Ford, and DAI employees Alison Babel and Peggy Ahern, in the following

subheading:

> David Ford – Michael Cody – Carl Staggers – Alison Babel – Peggy Ahern
> Directory Assistants Inc. Directory Assistants Inc "Yellowpage Consultant
> Scam Artists" They provide no real service at very high cost and court
> cases.  Glastonbury Connecticut Glastonbury Connecticut

Two other postings used the alias of "Alison Babel" although the actual Alison Babel

had no responsibility for this posting.  One of these postings responded to a Staggers's

earlier reply.  It stated:

> Carl,
> All of what you have said could be expected of you who works for a
> company like the one that you do. . . . But how do you explain all the
> lawsuits that you have been involved in over the years in such a short
> amount of time?  Some of these suits can be viewed online at . . . and
> under party name type in Directory Assistants Inc. . . . . Thanks but no
> thanks. . . .

Two other postings described DAI as a scam but did not mention Connecticut or

employees of DAI.

In 2010, DAI filed this action to seek redress for the harm that the alleged false

and disparaging statements have caused to its business.

## DISCUSSION

On a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2),

"plaintiff bears the burden of showing that the court has jurisdiction over the defendant."

In re Magnetic Audiotape Antitrust Litig., 334 F.3d 204, 206 (2d Cir. 2003).  At this

stage of the proceedings, if the court relies upon pleadings and affidavits, the plaintiff

must make out only a prima facie showing of personal jurisdiction, and the affidavits

and pleadings should be construed most favorably to the plaintiff.  CutCo Industries,

Inc. v. Naughton, 806 F.2d 361, 365 (2d Cir. 1986).  To determine personal jurisdiction,

the court must consider the facts as they exist at the time of plaintiff's filing.  Klinghoffer

v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione

Straordinaria, 937 F.2d 44, 52 (2d Cir. 1991).

The Court's subject matter jurisdiction is based on diversity of citizenship and Connecticut law governs whether this Court has personal jurisdiction over a defendant. In Connecticut, the court makes a two-step inquiry to determine whether personal jurisdiction exists.  Bensmiller v. E.I. Dupont de Nemours & Co., 47 F.3d 79, 81 (2d Cir. 1995).  The court first determines whether the exercise of jurisdiction over the party is conferred by Connecticut's long-arm statutes.  If jurisdiction is permissible under the long-arm statutes, the court determines whether the exercise of jurisdiction under the statute comports with the provisions of the Fourteenth Amendment's Due Process Clause.  Metropolitan Life Ins. Co. v. Robertson-CECO Corp., 84 F.3d 560, 567 (2d Cir. 2006).

The relevant long-arm statute, Connecticut General Statutes § 33-929(f), provides:

> Every foreign corporation shall be subject to suit in this state, by a resident of this state or by a person having a usual place of business in this state, whether or not such foreign corporation is transacting or has transacted business in this state and whether or not it is engaged exclusively in interstate or foreign commerce, on any cause of action arising as follows:  (1) Out of any contract made in this state or to be performed in this state; (2) out of any business solicited in this state by mail or otherwise if the corporation has repeatedly so solicited business, whether the orders or offers relating thereto were accepted within or without the state; (3) out of the production, manufacture or distribution of goods by such corporation with the reasonable expectation that such goods are to be used or consumed in this state and are so used or consumed, regardless of how or where the goods were produced, manufactured, marketed or sold or whether or not through the medium of independent contractors or dealers; or (4) out of tortious conduct in this state whether arising out of repeated activity or single acts, and whether arising out of misfeasance or nonfeasance.

It appears that plaintiff asserts personal jurisdiction pursuant to Section 33-929(f)(4) relevant to tortious conduct.   Defendant LK Jordan maintains that personal jurisdiction is improper pursuant to Section 33-929(f)(4) because no tortious conduct occurred in this state, and internet postings were not directed specifically at Connecticut residents.   Defendant relies upon Best Van Lines, Inc. v. Walker, 490 F.3d 239, 251-53 (2d Cir. 2007) for the proposition that a defendant must have purposefully directed internet postings at the plaintiff's state for personal jurisdiction to exist.  Similarly, this Court and state superior courts have held that internet postings that specifically target a Connecticut resident or audience are sufficient to afford the exercise of jurisdiction under Section 52-59b(a)(2) relevant to personal jurisdiction over an individual.  Doe v. Ciolli, 611 F. Supp. 2d 216, 222 (D. Conn. 2009); Rios v. Fergusan, 2008 WL 5511215, *4 (Conn. Super. Ct. Dec. 3, 2008).

Defendant maintains that the internet postings were not "purposefully directed" at Connecticut and nothing on the face of the statements indicates that such statements are directed at Connecticut.  However, the statements are not limited to criticism of DAI but name individual Connecticut residents, the location of DAI in Connecticut and two postings use as an alias the name of a DAI employee.  Accordingly, these alleged tortious postings do appear to be purposefully targeted at Connecticut.  The Court finds that the long-arm statute is satisfied.

**Due Process**

The due process clause permits in personam jurisdiction over a nonresident defendant who has certain minimum contacts with the forum such that the maintenance

of the suit does not offend traditional notions of fair play and substantial justice.

International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

### Minimum Contacts

The court must first determine if defendant LK Jordan has minimum contacts

with the forum.  Metropolitan Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 568

(2d Cir. 1996).  Either specific jurisdiction or general jurisdiction can satisfy the

constitutional requirement of sufficient minimum contacts between the defendant and

the forum.  Milne v. Catuogno Court Reporting Servs., Inc., 239 F. Supp. 2d 195, 203

(D. Conn. 2002).

Specific jurisdiction exists where the claim arises out of, or relates to, the

defendant's contacts with the forum, and minimum contacts exist where the defendant

purposefully availed itself of the privilege of conducting activities in the forum and could

foresee being haled into court in that forum.  Kernan v. Kurz-Hastings, Inc., 275 F.3d

236, 242-43 (2d Cir. 1999).

General jurisdiction may be asserted regardless of whether the claim arises from

the defendant's forum contacts only where these contacts are continuous and

systematic.  U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co., Ltd., 241 F.3d 135,

152 (2d Cir. 2001).

In this instance, the claim arises out of the alleged postings that were expressly

aimed to cause harm in Connecticut to plaintiff.  Under such circumstances, defendant

should reasonably have anticipated being haled into court to answer for the truth of the

alleged false and disparaging statements.  Calder v. Jones, 465 U.S. 783, 788-90

(1984); <u>Ciolli</u>, 611 F. Supp. 2d at 223.  Accordingly, the minimum contacts test is satisfied.

### Traditional Notions of Fair Play and Substantial Justice

A court must also determine whether the assertion of personal jurisdiction comports with traditional notions of fair play and substantial justice or whether it is reasonable under the circumstances of a particular case.  <u>International Shoe</u>, 326 U.S. at 316.

Whether it is "reasonable" to exercise jurisdiction in a particular case depends on "(1) the burden that the exercise of jurisdiction will impose on the defendant; (2) the interests of the forum state in adjudicating the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of the states in furthering substantive social policies." <u>Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.</u>, 84 F.3d 560, 568 (2d Cir. 1996).

Litigation of this action in Connecticut will present some burden to defendant due to the inconvenience and cost of travel to Connecticut.

Plaintiff has an obvious interest in obtaining convenient and efficient relief against defendant in this forum, and Connecticut has a strong interest in adjudication of the tort claims asserted by a Connecticut corporation against an out-of-state resident.

The interest in efficiency does not militate against litigation in Connecticut since plaintiff DAI has its records and witnesses in this forum, although the Court recognizes that other evidence and witnesses are also located in Texas.  The final factor — the

shared interest of the states in furthering substantive social policies — weighs only slightly in favor of jurisdiction.  This district is accustomed to ruling in diversity and resolving issues of state statutory law.

Thus, reasonable factors do not weigh against jurisdiction in Connecticut.  The Court will deny the motion to dismiss for lack of personal jurisdiction.

## CONCLUSION

For the foregoing reasons, the motion to dismiss [doc. #60] is DENIED. However, the Court questions whether venue in Connecticut is more appropriate than that of Texas.  Accordingly, defendant may file a motion to transfer venue within thirty days of this ruling.


_____/s/_____
Warren W. Eginton
Senior United States District Judge

Dated this 7th day of March, 2013 in Bridgeport, Connecticut.